**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

MICHAEL ANANIA,
        Plaintiff,

        v.

UNIVERSITY OF CONNECTICUT and
UNIVERSITY OF CONNECTICUT POLICE
DEPARTMENT,
        Defendants.

No. 3:14-cv-00472 (JAM)

**RULING ON MOTION TO STRIKE**

Plaintiff Michael Anania has filed suit against defendants University of Connecticut and the University of Connecticut Police department alleging their violation of his constitutional rights. Defendants have moved pursuant to Fed. R. Civ. P. 12(f) to strike certain allegations of plaintiff's second amended complaint on the ground that these allegations expressly allege the involvement of plaintiff's own counsel in the facts giving rise to defendants' putative liability in this case.

Local Rule 83.13(a) provides in relevant part that counsel may not represent a client for litigation "if he or she knows or it is obvious that he or she or a lawyer in the same firm ought to be called as a witness." The rule is subject to certain exceptions, including "[i]f the testimony will relate solely to an uncontested matter" or "[i]f the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony." D. Conn. L. Civ. R. 83.13(a). *See also* D. Conn. Local Rule 83.13(b) (imposing similar obligation on counsel to withdraw as counsel if he or she learns or it is obvious that he or she is to be a witness).

The second amended complaint contains several allegations referencing the actions of plaintiff's own counsel with respect to the factual grounds for defendants' alleged liability. Doc. #25 at ¶¶ 28, 31–33, 35. Despite these allegations, plaintiff insists that his counsel "may not be, in fact, a *necessary* witness," because there may be other witnesses to the same conduct. Doc. #29 at 1.

But the fact that plaintiff thought his counsel's personal participation in the events in question was important enough to allege in the complaint is enough for me to conclude at this time that his counsel is to be a necessary witness at trial.[1]

In light of my authority under Rule 12(f) to strike improper allegations and in light of the restrictions imposed by Local Rule 83.13, I will grant the motion to strike and require the filing of an amended complaint that does not plead allegations requiring plaintiff's own counsel to serve as a witness. If plaintiff wishes to retain his present counsel, he should consider whether his claims for relief may be tailored in a manner that will not likely require his counsel's participation as a fact witness at trial. Of course, the fact that plaintiff might re-word his complaint in a manner that does not explicitly allege the involvement of his counsel does not relieve his counsel of ensuring his compliance throughout the litigation of this matter with the strictures of Local Rule 83.13. If plaintiff and his counsel believe that plaintiff cannot feasibly proceed by means of an amended complaint without relying on his own counsel as witness, then plaintiff's counsel may file a motion to withdraw in accordance with the rules of this Court.

For the reasons set forth above, plaintiff's motion to strike (Doc. #28) is GRANTED. Plaintiff shall file an amended complaint on or before May 11, 2015, that does not allege the personal involvement of plaintiff's own counsel.

It is so ordered.

Dated at Bridgeport this 27th day of April 2015.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

---

[1] Unlike the similar prohibition on counsel-as-witness under Rule 3.7 of the Connecticut Rules of Professional Conduct, the text of this Court's Local Rule 83.13 does not have a qualifier for when a lawyer's role as a witness is as a "necessary" witness; it contains exceptions only for when the lawyer would be a witness to matters that are uncontested or that are a matter of formality. Rule 3.7 has not been adopted by this Court, *see* D. Conn. L. R. 83.2(a)(2), and I need not decide whether the Local Rule should be harmonized with the Connecticut rule to apply only if a lawyer is a "necessary" witness. *Cf. Ardemasov v. Citibank, N.A.*, 14 F. Supp. 3d 39 (D. Conn. 2014).