UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MICHAEL ANANIA, | : | CIVIL NO. 3:14-CV-00472(JAM) |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| UNIVERSITY OF CONNECTICUT, and | : | |
| UNIVERSITY OF CONNECTICUT | : | |
| POLICE DEPARTMENT, | : | |
| *Defendants* | : | JUNE 3, 2015 |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
FOURTH AMENDED COMPLAINT FOR LACK OF JURISDICTION**

The Defendants University of Connecticut ("UCONN") and University of Connecticut Police Department (collectively, "Defendants") move pursuant to Fed. R. Civ. P. 12(b)(1) to dismiss in its entirety Plaintiff's four count Fourth Amended Complaint dated May 8, 2015 and filed May 11, 2015 [Doc. 37] ("Complaint" or "Compl.") for lack of subject matter jurisdiction. Plaintiff alleges violations by UCONN of the First Amendment (Counts One and Two) and the Fifth Amendment (Counts Three and Four). All four counts are brought pursuant to 42 U.S.C. § 1983 against a state agency or a department thereof, and as such are barred by the State's Eleventh Amendment immunity from suit absent explicit consent by the State or valid Congressional waiver of the State's immunity, neither of which applies here. Plaintiff has at all times during the pendency of this action been represented by counsel.

I.    **INTRODUCTION**

   A.    **BACKGROUND**

Plaintiff Michael Anania was a non-tenured Associate Professor in Residence in the Department of Dramatic Arts at Defendant University of Connecticut. A graduate student filed a complaint in March 2013 with the University's Office of Diversity and Equity ("ODE") that

Plaintiff had made sexually inappropriate comments and created a hostile environment, which was substantiated in June 2013 after investigation. Plaintiff did not appeal the ODE report. Plaintiff was advised in July 2013 that his teaching contract would not be renewed once it expired in August 2013. After Plaintiff's continued communications with students who had complained and/or participated in the investigation lead to concerns that he was retaliating, a Notice of Trespass was issued prohibiting him from returning to campus. He appealed the Notice of Trespass and it was subsequently rescinded. Plaintiff and his union did not file a grievance regarding any of the above.

### B. PLAINTIFF'S CLAIMS

In the instant Fourth Amended Complaint [Doc. 37], Plaintiff brings four counts, all agsinst Defendant UCONN only, and all pursuant to 42 U.S.C. § 1983:

- That UCONN "violated the Plaintiff's first amendment rights to freedom of speech in violation of 42 U.S.C. § 1983 by unreasonably and/or unnecessarily restricting the Plaintiff's free speech rights while conducting an official investigation which investigation placed the Plaintiff's job at stake" (Count One, ¶ 37);

- That UCONN "violated the Plaintiff's first amendment rights to freedom of speech in violation of 42 U.S.C. § 1983 when it unreasonably and/or unnecessarily used its police force to ban the Plaintiff from the University of Connecticut grounds" (Count Two, ¶ 39);

- That UCONN "violated the Plaintiff's fifth amendment due process rights in violation of 42 U.S.C. § 1983 when, by design, it conducted an official investigation into the Plaintiff's conduct - which investigation placed the

2

> Plaintiff's job at stake - without the Plaintiff being afforded a reasonable or meaningful opportunity to present a defense" (Count Three, ¶ 41); and
> 
> - That UCONN "violated the Plaintiff's fifth amendment due process rights in violation of 42 U.S.C. § 1983 when it unreasonably and/or unnecessarily destroyed records of the Plaintiff's of the appeal of the Notice of Trespass issued against him" (Count Four, ¶ 43).

Thus, Counts One and Three appear to challenge the ODE investigation of the student's complaint of sexual harassment, while Count Two challenges the issuance of the Notice of Trespass and Count Four relates to the appeal of the Notice of Trespass.

### C. PROCEDURAL HISTORY, AND STATUS OF UNIVERSITY OF CONNECTICUT POLICE DEPARTMENT AS A DEFENDANT

Following Defendants' filing of a Rule 12(e) motion for a more definite statement [Doc. 17], the Court held a teleconference on August 1, 2014, during which the Court advised Plaintiff's counsel, *inter alia*, to make "due inquiry" into whether the parties "are amenable to suit as distinct persons or legal entities" and to identify "the basis for the Court's jurisdiction." [Doc. 23.] Plaintiff has amended the complaint three more times since that conference. For the reasons stated herein, neither defendant is amenable to suit, given the Eleventh Amendment bar, and the Court lacks subject matter jurisdiction over this case in its entirety.

By email dated August 19, 2014, Plaintiff's counsel stated, "I looked into it and I think that UCONN is the only proper defendant with the police department being basically an agent of that defendant." Accordingly, the claims against Defendant University of Connecticut Police Department can be dismissed. Furthermore, all four counts in the Fourth Amended Complaint are asserted against Defendant University of Connecticut only. However, the case caption still

lists "University of Connecticut Police Department" as a separate defendant. Defendants noted this in their October 1, 2014 motion to strike [Doc. 28] and requested that "To the extent that Plaintiff is no longer proceeding against the University of Connecticut Police Department, Defendants respectfully request that the operative complaint and docket be modified to reflect that change, so that Defendants need not file a motion to dismiss on that point" [Doc. 28-1 at 7-8], but the change was not made in the subsequently-filed amended complaints. [Docs. 36 & 37.] The claims against Defendant University of Connecticut Police Department should be dismissed for the same reasons set forth below as to Defendant University of Connecticut. The defendant University of Connecticut Police Department is covered by the Eleventh Amendment, because, as with the University of Connecticut itself, the real party in interest is the State of Connecticut, since any damage award against UCONN Police Department would be paid by the State. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 102 (1984); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Hess v. Port Auth. Trans-Hudson Corp.*, 513 U.S. 30, 50 (1994).

## II.   STANDARD OF REVIEW ON MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B)(1)

Under Fed. R. Civ. P. 12(b)(1), a District Court should dismiss an action or claim for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000); *accord Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). The plaintiff generally bears the burden to prove, by a preponderance of the evidence, that the court has subject matter jurisdiction to entertain the plaintiff's claims. *Makarova*, 201 F.3d at 113; *Aurecchione v. Schoolman Transp. System, Inc.*, 426 F.3d 635, 638 (2d Cir. 2005). In adjudicating a motion to dismiss under Rule 12(b)(1), the court "accept[s] all of the plaintiff's factual allegations in the

complaint as true and draw[s] inferences from those allegations in the light most favorable to the plaintiff." *Courtenay Communications Corp. v. Hall*, 334 F.3d 210, 213 (2d Cir. 2003). The absence of subject matter jurisdiction, such as that arising from Eleventh Amendment immunity, is never waived. Fed. R. Civ. P. 12(h)(3).

### III. ARGUMENT: THE ELEVENTH AMENDMENT BARS PLAINTIFF'S SECTION 1983 CLAIMS AGAINST UCONN

All four counts, alleging violations of the First and Fifth Amendments of the United States Constitution, are brought against the University of Connecticut pursuant to 42 U.S.C. § 1983. (See Compl. ¶¶ 2, 37, 39, 41, 43.) Furthermore, Plaintiff's Prayer for Relief states: "Plaintiff claims against the Defendant University of Connecticut damages for lost earnings, loss of earning capacity, out-of-pocket expenses, impairment of reputauion, mental anguish, emotional distress and personal humiliation that the plaintiff suffered as a result of the conduct by the defendants depriving him of his civil rights as well as nominal damages for the same pursuant to 42 U.S.C. § 1983." [Doc. 37 at 9.] The State's Eleventh Amendment immunity bars Plaintiff's Section 1983 claims against the State, its agencies and departments.

The Eleventh Amendment to the United States Constitution bars a suit in federal court against a state for any type of relief, unless the state explicitly consents to suit or Congress explicitly abrogated state immunity pursuant to a valid exercise of power. *Pennhurst*, 465 U.S. at 99-102; *Dube v. State University of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990), *cert. denied*, 501 U.S. 1211 (1991); *Gaynor v. Martin*, 77 F. Supp. 2nd 272, 281 (D. Conn. 1999); *Green v. Mansour*, 474 U.S. 64, 68 (1985). "Eleventh Amendment immunity extends to agencies and departments of a state, including state universities." *Faghri v. Univ. of Connecticut*, No. 3:06-CV-01957 VLB, 2010 WL 2232690, at *8 (D. Conn. June 3, 2010)

5

(citations omitted).  The University of Connecticut is "an arm of the State" for purposes of Eleventh Amendment immunity.  *Id.*; *see also Banerjee v. Roberts*, 641 F.Supp. 1093, 1098 (D. Conn. 1986); *Mt. Healthy City School District Board of Education*, 429 U.S. 274, 280 (1977).

> The Eleventh Amendment provides:
>
> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of any State, or by Citizens or Subjects of any Foreign State.

The United States Supreme Court has consistently held that any unconsenting state is immune from suits brought in federal courts by its own citizens as well as by citizens of another State. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234 (1985); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890).  In the absence of consent, a suit in which the state or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.  *See, e.g., Florida Dept. of Health and Rehabilitative Services v. Florida Nursing Home Assn.*, 450 U.S. 147 (1981) (per curiam).  "This jurisdictional bar applies regardless of the relief sought." *Pennhurst*, 465 U.S. at 100.  Federal jurisdiction over suits against unconsenting states "was not contemplated by the Constitution when establishing the judicial power of the United States." *Hans v. Louisiana*, 134 U.S. at 15.

A state may waive its Eleventh Amendment immunity or, in the absence of a waiver by the state, Congress may, pursuant to its authority under Section 5 of the Fourteenth Amendment, abrogate the Eleventh Amendment. *Fitzpatrick v. Bitzer*, 427 U.S. 445, 456 (1976); *Atascadero*, 105 S.Ct. at 3145.  However, no waiver of immunity may be found by the Court unless the state has spoken in the "most express language or by such overwhelming implications . . . as [will] leave no room for any other reasonable construction." *Edelman*, 415 U.S. at 673 (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)).  Similarly, Congressional action to

abrogate the Eleventh Amendment must explicitly state Congress's intent to deprive the state of immunity from suit and must also be narrowly targeted to Congress's enforcement authority under Section 5 of the Fourteenth Amendment. *See, e.g., Bd. of Trs. of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 (2001) (as to ADA); *Kimel v. Florida Board of Regents*, 528 U.S. 62, 91 (2000) (as to ADEA); *Brown v. Conn. Dept. of Children and Families*, 3:08cv1478 (MRK), 2010 U.S. Dist. LEXIS 52871, at *37-43 (D. Conn. May 27, 2010) (as to CFEPA); *Nodoushani v. S. Conn. State Univ.*, 2011 U.S. Dist. LEXIS 111388, at *13-15 (D. Conn. Sept. 29, 2011), citing *Gaynor v. Martin*, 77 F. Supp.2d 272, 282 (D. Conn. 1999) (as to IIED).

Section 1983 does not override a state's Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 339 (1979). Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress…

42 U.S.C. § 1983. "[Section] 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Kinney v. Connecticut*, 622 F. Supp. 2d 1, 10 (D. Conn. 2009), quoting *Graham v. Connor,* 490 U.S. 386, 393–94 (1989) (internal quotation marks omitted). "Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66 (1989). Claims brought under § 1983 against a state agency for any form of relief are barred by the Eleventh Amendment. *Edelman*, 415 U.S. at 663 (holding that suits against states for money damages are barred by the Eleventh Amendment); *McGinty v. New York*, 251 F.3d 84, 90 (2d Cir. 2001), citing *Cory v. White*, 457 U.S. 85, 90-91 (1982).

Plaintiff does not allege that the state has waived immunity in this case and has consented to suit, and indeed the state has not done so. Nor has Congress acted to validly abrogate the state's immunity from suit for claims brought under 42 U.S.C § 1983. Therefore, Defendants' motion to dismiss the claims brought under 42 U.S.C. § 1983 against state agency UCONN must be granted because the claim is barred by the Eleventh Amendment.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Fourth Amended Complaint should be dismissed in its entirety and the case closed.

                                  DEFENDANTS,

                                  UNIVERSITY OF CONNECTICUT, and
UNIVERSITY OF CONNECTICUT POLICE DEPARTMENT

                                  GEORGE JEPSEN
ATTORNEY GENERAL

By:    */s/ Jill Lacedonia*
        Jill Lacedonia
        Federal Bar No. ct28785
        Assistant Attorney General
        55 Elm Street. P.O. Box 120
        Hartford, CT  06141-0120
        Tel:  (860) 808-5340
        Fax:  (860) 808-5383
        E-mail:  jill.lacedonia@ct.gov

## **CERTIFICATION**

I hereby certify that on June 3, 2015 a copy of the foregoing was filed electronically. Notice of this filing was sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Jill Lacedonia*
Jill Lacedonia (#ct28785)
Assistant Attorney General